

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 13, 1962

Mr. Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. WW-1472

Re: Whether the Blue Laws
of the State of Texas
permit the repairing
of television receivors
for compensation on Sun-
day?

Whether the Blue Laws
of the State of Texas
permit the sale of tele-
vision parts on Sunday?

Dear Mr. Wade:

You have furnished this office with an opinion on
questions pertaining to the applicability of the Blue
Laws to the repair and service of television sets and
the sale of tubes and parts for radios and televisions,
and have asked whether we concur in your holdings.

In the first instance, you have asked us whether
a service man or a TV repair company could service tele-
vision receivors on Sunday and charge for such service.
Article 283, Vernon's Penal Code, provides as follows:

"Any person who shall labor, or compel,
force or oblige his employes, workmen, or
apprentices to labor on Sunday, or any per-
son who shall hunt game of any kind whatso-
ever on Sunday within one-half mile of any
church, school house, or private residence,
shall be fined not less than ten nor more
than fifty dollars."

Article 284, Vernon's Penal Code, provides that Article
283 shall not be applicable under certain conditions as
follows:

"The preceding article shall not apply
to household duties, works of necessity or
charity; nor to necessary work on farms or

> plantations in order to prevent the loss of
> any crop; nor to the running of steamboats
> and other water crafts, rail cars, wagon
> trains, common carriers, nor to the deli-
> very of goods by them or the receiving or
> storing of said goods by the parties or
> their agents to whom said goods are deli-
> vered; nor to stages carrying the United
> States mail or passengers; nor to foundries,
> sugar mills, or herders who have a herd of
> stock actually gathered and under herd; nor
> to persons traveling; nor to ferrymen or
> keepers of toll bridges, keepers of hotels,
> boarding houses and restaurants and their
> servants; nor to keepers of livery stables
> and their servants; nor to any person who
> conscientiously believes that the seventh
> or any other day of the week ought to be
> observed as the Sabbath, and who actually
> refrains from business and labor on that
> day for religious reasons."

Under these statutes it seems to be the obvious intent
of the Legislature that no labor may be performed on
Sunday except as excepted in Article 284. We, there-
fore, concur in your opinion that the repairing of te-
levision sets cannot legally be performed on Sunday.
An analysis of Article 286a shows that it does not
apply in any way to service and labor.

Articles 286, 286a and 287 are the sections of the
Sunday Blue Laws governing the sale of merchandise on
Sunday. We must, therefore, analyze these statutes in
order to answer your second question relating to the
sale of television receiving tubes and other parts
necessary to repair radios and television sets. Arti-
cle 286 prohibits the sale of items on Sunday in the
following language:

> "Any merchant, grocer, or dealer in wares
> or merchandise, or trader in any business what-
> soever, or the proprietor of any place of public
> amusement, or the agent or employe of any such
> person, who shall sell, barter, or permit his
> place of business or place of public amusement
> to be open for the purpose of traffic or public
> amusement on Sunday, shall be fined not less
> than twenty nor more than fifty dollars. The

term place of public amusement, shall be
construed to mean circuses, theaters, va-
riety theaters and such other amusements as
are exhibited and for which an admission
fee is charged; and shall also include dan-
ces at disorderly houses, low dives and
places of like character, with or without
fees for admission."

Article 286a prohibits the sale on both the two conse-
cutive days of Saturday and Sunday of certain enumerated
items in the following language:

"Section 1.  Any person, on both the
two (2) consecutive days of Saturday and
Sunday, who sells or offers for sale or
shall compel, force or oblige his employees
to sell any clothing; clothing accessories;
wearing apparel; footwear; headwear; home,
business, office or outdoor furniture; kit-
chenware; kitchen utensils; china; home appli-
ances; stoves; refrigerators; air conditioners;
electric fans; radios; television sets; washing
machines; driers; cameras; hardware; tools, ex-
cluding nonpower driven hand tools; jewelry;
precious or semi-precious stones; silverware;
watches; clocks; luggage; motor vehicles;
musical instruments; recordings; toys, ex-
cluding items customarily sold as novelties
and souvenirs; mattresses; bed coverings;
household linens; floor coverings; lamps;
draperies; blinds; curtains; mirrors; lawn
mowers or cloth piece goods shall be guilty
of a misdemeanor.  Each separate sale shall
constitute a separate offense."

Section 5a of Article 286a provides in part:

"that Articles 286 and 287 of the Penal
Code of Texas are not to be considered as
repealed by this Act; ..."

Article 287 exempts certain items from the prohibition
against sale on Sunday.  The exemptions there listed
are not applicable to radio and television tubes and
parts.  We must look to Section 1 of Article 286a to

see if any of the items there enumerated permit the sale of television and radio parts and tubes on Saturday or Sunday as it is clear that under the provisions of Article 287 the sale of such items are not permitted on Sunday.

In a recent opinion (WW-1333) we pointed out that "the term 'hardware' should be held to include those items which according to established customs and uses are included within the meaning of the term ... We have been unable to find any cases where the term 'hardware' has been defined. The third edition of the Merriam-Webster New International Dictionary of the English Language, Unabridged, published in 1961, defines hardware as follows:

'1. ware (as fittings, trimmings, cutlery, tools, parts of machines and appliances, metal building equipment, utensils) made of metal;'"

"Hardware" is one of the items enumerated in Article 286a. Radios and televisions are "machines and appliances". We therefore concur in your opinion wherein you have held that "to the extent that the content of televisions tubes and parts is in substantial part metal, such articles are included in the term 'hardware', as are nails, screws, door knobs, plumbing fittings, automobile parts, fish hooks, etc."

## S U M M A R Y

Article 284, Vernon's Penal Code, prohibits the repairing of television and radio receivors on Sunday for compensation.

Article 286a, Vernon's Penal Code, prohibits the sale of radio and television tubes and parts on the two consecutive days of Saturday and Sunday.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:nss

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Charles R. Lind
Cecil C. Rotsch
Ernest Fortenberry

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore